

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2004 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>KEVIN JAMES, aka "Shakyh Shahaab Murshid," aka "Abdul-Wahid Ash-Sheena," aka "As-Sudaani," aka "Ash-Shafi'e," aka "Ash Shakyh Sudani," aka "Shahaab Murshid Adbdul-Wahid Sudani," aka "Shihab James," aka "Abdul Wahid," aka "Shahaab Murshid," aka "Shahaab James,"<br>LEVAR WASHINGTON, aka "Abdur Rahman," aka "Numair," aka "Numair Abd Rahman," aka "Shihab Numair Abd Rahman," aka "Numair Abd Rahman Ash-Sheena," aka "Emir,"<br>GREGORY PATTERSON, aka "Bilal," and<br>HAMMAD SAMANA,<br><br>　　　　　　Defendants. | SA CR **05-214**<br><br>I N D I C T M E N T<br><br>18 U.S.C. § 2384: Conspiracy to Levy War Against the United States Government Through Terrorism;<br><br>18 U.S.C. § 1117: Conspiracy to Kill Members of the United States Government Uniformed Services;<br><br>18 U.S.C. § 1117: Conspiracy to Kill Foreign Officials;<br><br>18 U.S.C. § 1951: Interference With Commerce by Robbery;<br><br>18 U.S.C. § 924(o): Conspiracy to Possess and Discharge Firearms in Furtherance of Crimes of Violence;<br><br>18 U.S.C. § 924(c)(1): Using and Carrying a Firearm in Connection with a Crime of Violence;<br><br>18 U.S.C. § 2: Aiding and Abetting |




The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

1. In approximately 1997, defendant KEVIN JAMES, aka "Shakyh Shahaab Murshid," aka "Abdul-Wahid Ash-Sheena," aka "As-Sudaani," aka "Ash-Shafi'e," aka "Ash Shakyh Sudani," aka "Shahaab Murshid Adbdul-Wahid Sudani," aka "Shihab James," aka "Abdul Wahid," aka "Shahaab Murshid," aka "Shahaab James," ("JAMES"), a California prison inmate, founded an organization entitled Jam'iyyat Ul-Islam Is-Saheeh ("JIS") based on his radical interpretation of Islam.

2. Defendant JAMES preached the duty of JIS members to target for violent attack any enemies of Islam or "infidels," including the United States Government and Jewish and non-Jewish supporters of Israel.

3. Defendant JAMES actively recruited his fellow prison inmates to join JIS by clandestinely distributing a document or "protocol," which set forth defendant JAMES' religious teachings about Islam, including the justification for killing infidels or non-believers, and guidelines to be followed by JIS members ("JIS Protocol").

4. Defendant JAMES required prospective JIS members to take an oath of obedience to him and swear not to disclose the existence of JIS. Defendant JAMES also required prospective JIS members to swear that they would obey a ninety day contact rule, wherein they would communicate with defendant JAMES at least once during every ninety day period.

5. In addition to his recruitment efforts inside prison, defendant JAMES also sought to establish groups or "cells" of JIS

members outside of prison which would carry out violent attacks against perceived infidels, including the United States Government, the Government of Israel, and Jewish persons.

6. In and around November 2004, defendant LEVAR WASHINGTON, aka "Abdur Rahman," aka "Numair," aka "Numair Abd Rahman," aka "Shihab Numair Abd Rahman," aka "Numair Abd Rahman Ash-Sheena," aka "Emir," ("WASHINGTON"), who was incarcerated with defendant JAMES at the California State Prison-Sacramento, gave an oath of allegiance to defendant JAMES and joined JIS.

7. On or about November 29, 2004, defendant WASHINGTON was paroled from the California State Prison-Sacramento.

8. Paragraphs One through Seven of this Indictment are incorporated by reference and realleged in each of the Counts below as if set forth in full.

## COUNT ONE

[18 U.S.C. § 2384]

### OBJECTS OF THE CONSPIRACY

9.  From a date unknown to the Grand Jury but at least since December 2004, and continuing to July 5, 2005, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants JAMES, WASHINGTON, GREGORY PATTERSON, aka "Bilal," ("PATTERSON"), and HAMMAD SAMANA ("SAMANA") did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with persons known and unknown to the Grand Jury, to levy a war against the Government of the United States through terrorism, and to oppose by force the authority thereof, all in violation of Title 18, United States Code, Section 2384.

### MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

10.  The objects of the conspiracy were to be accomplished in substance as follows:

#### Leadership of Defendant JAMES

a.  Defendant JAMES would and did provide instructions, spiritual and tactical guidance, and support to defendants WASHINGTON, PATTERSON, and SAMANA, in carrying out the war against the United States Government through terrorism.

#### United States Military Targets

b.  Members of the conspiracy would and did target and conduct surveillance of United States military facilities, such as recruitment centers and military bases, in the Los Angeles

4

area, in preparation to kill United States military personnel.

    c. Members of the conspiracy would and did plan their methods of attack on United States military facilities, including the types of weapons to use, in order to maximize the number of casualties to be inflicted.

### Government of Israel Targets

    d. Members of the conspiracy would and did target and conduct surveillance of Government of Israel facilities in the Los Angeles area, including the Israeli Consulate and El Al, the national airline of Israel, in preparation to kill Israeli officials.

### Synagogues

    e. Members of the conspiracy would and did target and conduct surveillance of synagogues in the Los Angeles area in preparation to kill Jewish persons.

    f. Members of the conspiracy would and did plan to attack synagogues in the Los Angeles area on Jewish holidays, in order to maximize the number of casualties to be inflicted.

### Procurement of Weapons

    g. Members of the conspiracy would and did purchase, solicit others to purchase on their behalf, and otherwise acquire weapons, including firearms, which would be used to carry out their planned attacks.

### Financing

    h. Members of the conspiracy would and did commit armed robberies of gas stations, and provide financial support to each other, in order to purchase weapons, including firearms, and otherwise fund their conspiracy.

### Training

i.  Members of the conspiracy would and did engage in firearms training and physical training in preparation for carrying out their planned attacks against United States military facilities, Government of Israel targets, and synagogues.

### Recruitment

j.  Members of the conspiracy would and did attempt to recruit others to join the conspiracy and otherwise support it.

### Concealment of Activities

k.  Members of the conspiracy would and did conceal from law enforcement the manner in which the members carried out the conspiracy, the locations at which members discussed and carried out the conspiracy, and the locations at which members stored and possessed weapons, including firearms, and maintained the finances of the conspiracy, including the proceeds from gas station robberies.

### OVERT ACTS

11.  In furtherance of the conspiracy and to accomplish the objects of the conspiracy, the defendants and their co-conspirators committed the following overt acts, among others, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere:

a.  In or about December 2004, defendant JAMES instructed defendant WASHINGTON to (1) recruit five individuals without felony convictions and train them in covert operations; (2) acquire two firearms with silencers; and (3) appoint an individual from the group he recruited to find contacts for explosives or learn to make bombs that could be activated from a

distance.

b.  In or about December 2004, defendant WASHINGTON advised defendant JAMES that he was prepared to follow defendant JAMES to victory or martyrdom.

c.  Between in or about December 2004 and July 5, 2005, defendant JAMES advised defendant WASHINGTON about security for the planned war against the United States Government through terrorism.

d.  Between in or about December 2004 and July 5, 2005, defendant WASHINGTON reaffirmed his allegiance to defendant JAMES by pledging his loyalty until death by martyrdom.

e.  Between in or about December 2004 and July 5, 2005, defendant WASHINGTON informed defendant JAMES of defendant SAMANA's suitability for the planned war against the United States Government through terrorism.

f.  Between in or about December 2004 and July 5, 2005, defendant PATTERSON used a computer to conduct internet research on El Al, the national airline of Israel, located at the Los Angeles International Airport.

g.  Between in or about December 2004 and July 5, 2005, defendant PATTERSON used a computer to conduct internet research on Jewish events in Los Angeles for Yom Kippur in October 2005.

h.  On or about March 21, 2005, defendant JAMES advised defendant WASHINGTON of his efforts to have defendant PATTERSON visit him at the California State Prison-Sacramento, and offered guidance regarding defendant WASHINGTON's recruitment efforts.

     i. In or about March or April 2005, defendant WASHINGTON attempted to recruit an individual to join the conspiracy.

     j. Beginning on or about May 19, 2005, and continuing through on or about June 7, 2005, defendant PATTERSON used a computer to conduct internet research on the Israeli Consulate in Los Angeles.

     k. On or about May 30, 2005, defendant PATTERSON robbed a gas station in Los Angeles, California.

     l. In or about June 2005, defendant WASHINGTON attempted to recruit an individual to join the conspiracy.

     m. On or about June 6, 2005, defendant WASHINGTON, armed with a shotgun, and defendant PATTERSON robbed a gas station in Torrance, California.

     n. On or about June 12, 2005, defendant PATTERSON, armed with a shotgun, and defendant SAMANA robbed a gas station in Playa Del Rey, California.

     o. On or about June 16, 2005, defendant PATTERSON, armed with a shotgun, robbed a gas station in Torrance, California.

     p. On or about June 18, 2005, defendant PATTERSON, armed with a shotgun, robbed a gas station in Bellflower, California.

     q. On or about June 20, 2005, defendant PATTERSON, armed with a shotgun, attempted to rob a gas station in Los Angeles, California.

     r. On or about June 21, 2005, defendant PATTERSON, armed with a shotgun, robbed a gas station in Pico Rivera,

California.

s.  On or about June 21, 2005, defendant PATTERSON, armed with a shotgun, robbed a gas station in Walnut, California.

t.  On or about June 21, 2005, defendant SAMANA robbed a gas station in Orange, California.

u.  On or about June 22, 2005, defendant PATTERSON updated defendant JAMES on the progress of the planned war against the United States Government through terrorism.

v.  On or about June 29, 2005, defendant PATTERSON purchased a .223 caliber rifle.

w.  On or about July 2, 2005, defendant SAMANA used a computer to conduct internet research on the Israeli Consulate in Los Angeles, including the identity of specific Israeli officials.

x.  On or about July 2, 2005, defendant SAMANA used a computer to conduct internet research on United States military recruitment offices in the Los Angeles area.

y.  On or about July 3, 2005, defendant PATTERSON, armed with a shotgun, robbed a gas station in Playa Vista, California.

z.  On or about July 3, 2005, defendant PATTERSON used a computer to conduct internet research on Jewish events in Los Angeles during the months of July and August.

aa.  Between July 1, 2005, and July 5, 2005, defendant SAMANA drafted a document listing Government of Israel and United States military targets in the Los Angeles area, including the addresses of those targets.

bb.  On or about July 4, 2005, defendant SAMANA

participated in firearms training and physical training in a park in Los Angeles, California.

    cc.  On or about July 5, 2005, defendant WASHINGTON, armed with a shotgun, and defendant PATTERSON robbed a gas station in Fullerton, California.

## COUNT TWO

[18 U.S.C. § 1117]

12. The allegations in Count One of this Indictment are incorporated by reference and realleged herein as if set forth in full.

13. From a date unknown to the grand jury but at least since March 2005, and continuing to July 5, 2005, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants WASHINGTON, PATTERSON, and SAMANA did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with persons known and unknown to the Grand Jury, to kill, with premeditation and malice aforethought, members of the United States Government uniformed services, while such members were engaged in or on account of the performance of official duties, in violation of Title 18, United States Code, Sections 1111 and 1114, all in violation of Title 18, United States Code, Section 1117.

COUNT THREE

[18 U.S.C. § 1117]

14. The allegations in Count One of this Indictment are incorporated by reference and realleged herein as if set forth in full.

15. From a date unknown to the grand jury but at least since March 2005, and continuing to July 5, 2005, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants WASHINGTON, PATTERSON, and SAMANA did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with persons known and unknown to the Grand Jury, to kill, with premeditation and malice aforethought, foreign officials, namely, officials of the Government of Israel, in violation of Title 18, United States Code, Sections 1111 and 1116, all in violation of Title 18, United States Code, Section 1117.

## COUNT FOUR

[18 U.S.C. §§ 1951, 2]

16. On or about July 5, 2005, in Orange County, within the Central District of California, defendants WASHINGTON and PATTERSON aided, abetted, counseled, induced, and procured the conduct of, and otherwise obstructed, delayed and affected commerce and the movement of articles and commodities in commerce, in that defendants WASHINGTON and PATTERSON took and obtained personal property consisting of approximately 252 dollars in the presence of E.N., an employee at a Chevron gas station located in Fullerton, California, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT FIVE

[18 U.S.C. §§ 924(c), 924(o)]

17. The allegations in Counts One, Two, and Three of this Indictment are incorporated by reference and reallaged herein as if set forth in full.

18. From a date unknown to the grand jury but at least since December 2004, and continuing to July 5, 2005, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants JAMES, WASHINGTON, PATTERSON, and SAMANA did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with persons known and unknown to the Grand Jury, to possess and discharge firearms, including destructive devices, as defined in Title 18, United States Code, Section 921(a)(4), in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, namely, Conspiracy to Levy War Against the United States Government Through Terrorism, in violation of Title 18, United States Code, Section 2384, as charged in Count One of this Indictment, Conspiracy to Kill Members of the United States Government Uniformed Services, in violation of Title 18, United States Code, Section 1117, as charged in Count Two of this Indictment, and Conspiracy to Kill Foreign Officials, in violation of Title 18, United States Code, Section 1117, as charged in Count Three of this Indictment, all in violation of Title 18, United States Code, Sections 924(c) and 924(o).

COUNT SIX

[18 U.S.C. §§ 924(c)(1), 2]

19. On or about July 5, 2005, in Orange County, within the Central District of California, defendants WASHINGTON and PATTERSON, during and in relation to a crime of violence for which defendants WASHINGTON and PATTERSON may be prosecuted in a court of the United States, namely, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951, as charged in Count Four of this Indictment, knowingly aided, abetted, counseled, induced, and procured the conduct of, and otherwise used and carried a firearm, to wit, a Mossberg twelve gauge shotgun, serial number R379127, in violation of Title 18, United States Code, Sections 924(c)(1) and 2.

A TRUE BILL

/S/
_____
Foreperson

DEBRA WONG YANG
United States Attorney

*W.R. Gross / by KBJ*

WAYNE R. GROSS
Assistant United States Attorney
Chief, Santa Ana Branch Office

KEVIN E. SMITH
Assistant United States Attorney
Deputy Chief, Organized Crime and Terrorism Section